UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN THE MATTER OF THE APPLICATION OF THE UNITED STATES OF AMERICA FOR AN ORDER RELATING TO TELEPHONE NUMBERS (773) 307-▮▮▮ ("**SUBJECT PHONE 1**") | <u>UNDER SEAL</u><br>No. 20 GJ 513<br><br>Rebecca R. Pallmeyer<br>Chief Judge |

**APPLICATION FOR AN ORDER RELATING TO SUBJECT PHONE 1**

Sean Franzblau, an attorney of the United States Department of Justice, hereby applies to the Court for an order relating to :

a. the telephone currently assigned telephone number (773) 307-▮▮▮, currently using IMSI 313100000966267, subscribed to and used by ▮▮▮▮ ▮▮▮▮▮▮▮▮ at ▮▮▮▮▮▮▮▮, Chicago, IL 60646, with service provided by AT&T (hereafter, "**Subject Phone 1**").

By this Application, the government requests that this Court enter an Order granting the following relief:

- Authorizing the installation and use, for a period of 60 days, of a pen register and trap and trace device on **Subject Phone 1**.

This Application requests that this Court's Order apply not only to **Subject Phone 1**, but also to any other telephone number and telephone accessed through the above-referenced IMSI number for **Subject Phone 1** or to any other IMSI number and telephone accessed through the telephone number for **Subject Phone 1**, within the authorized time period.

In support of this Application, applicant states the following:

**Authority to Seek Orders**

1.  Applicant is an "Attorney for the government" as defined by Federal Rule of Criminal Procedure 1(b)(1)(B) and, therefore, may apply for orders requesting the specified relief pursuant to 18 U.S.C. § 3122 (pen registers and trap-and-trace devices), 18 U.S.C. § 2703 (records concerning electronic communications), and Federal Rule of Criminal Procedure 41 (search warrants).

**Factual Background**

2.  The FBI is investigating allegations that in or around 2019, ▆▆▆▆▆▆▆▆▆▆, current ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆, took bribe payments from Chicago businessman ▆▆▆▆▆▆▆▆▆▆▆▆ in exchange for official action, namely, to exercise his ▆▆▆▆▆▆▆▆ over a development project in the ▆▆▆▆▆ that was against ▆▆▆▆ economic interests. In the coming weeks, the FBI plans to approach ▆▆▆▆▆▆▆▆▆▆▆▆ and other subjects of the investigation and is seeking this pen register to monitor the extent to which ▆▆▆▆▆▆ communicates with ▆▆▆ and other subjects of the investigation after these approaches are made.

3.  There is evidence that information concerning the ongoing use of the **Subject Phone** will provide evidence of a criminal offense, namely federal program bribery, in violation of Title 18, United States Code, Sections 666(a)(1)(B) and 666(a)(2) (the **Subject Offenses**).

4.  In summary: The FBI is investigating allegations that in or around May 2019, ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆ accepted a bribe

payment from ▮▮▮▮▮, a local businessperson, in exchange for ▮▮▮ obstructing the ▮▮▮▮▮ that was against ▮▮▮ interests. According to ▮▮▮ ▮▮▮▮▮ in or around May 2019, shortly before ▮▮▮▮▮ ▮▮▮ accepted a $5,000 cash payment from ▮▮ which ▮▮▮ attempted to conceal by not reporting it in ▮▮▮ ▮▮▮▮▮). Substantial evidence, including statements made by ▮▮ and ▮▮▮ in CS-1's presence, provide a reasonable basis to believe that ▮▮▮ made the $5,000 payment in exchange for ▮▮▮▮▮.

5. Specifically, in April 2019, shortly before ▮▮▮ ▮▮▮ ▮▮ ▮▮▮▮▮ There is a reasonable basis to believe ▮▮▮ did so as a favor to ▮▮, who made the $5,000 payment to ▮▮▮ just weeks later. Further, in September 2019, approximately ▮▮▮▮▮ ▮▮▮▮▮, which effectively ▮▮▮▮ ▮▮▮▮▮. At the time ▮▮▮ ▮▮▮▮ ▮▮, ▮▮▮▮▮ ▮▮▮▮▮ Substantial independent evidence, including toll records, bank records, property records, and text messages sent from ▮▮▮▮▮ (some of which

were obtained pursuant to a search warrant on ▮▮▮▮ iCloud account, corroborate CS-1 in significant respects.

6. In the coming weeks, the FBI plans to approach ▮▮▮▮▮▮▮▮, and other subjects of the investigation, including ▮▮▮▮▮▮▮▮▮▮, and attempt to interview them. The FBI is seeking this pen register to monitor the extent to which ▮▮▮▮ and the other subjects may attempt to communicate with one another after the approaches are made. This information will assist the investigation in several ways, including by alerting the FBI as to whether certain interview subjects have been made aware of the allegations prior to the attempted interviews, as well as whether ▮▮▮▮▮▮, and others may be attempting to coordinate efforts to cover up the alleged bribery conspiracy.

## Pen Register and Trap & Trace Certifications and Requests

7. Applicant requests that this Court issue an order pursuant to Title 18, United States Code, §§ 3122-24 authorizing the installation and use of a pen register and trap and trace device for **Subject Phone 1**.

8. Applicant certifies that: the offenses under investigation include but are not necessarily limited to federal program bribery, in violation of Title 18, United States Code, Sections 666(a)(1)(B) and 666(a)(2) (the "**Subject Offenses**") and that the information likely to be obtained from the pen register and trap and trace on **Subject Phone 1**, including direct connect, push-to-talk, and digital dispatch numbers, is relevant to the ongoing investigation.

9. Applicant further states that the principal subject of the aspect of the investigation presently before the Court is ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.

10. Applicant requests that this Court issue an order authorizing the installation and use of the pen register to record and decode dialing, routing, addressing, and signaling information transmitted by **Subject Phone 1**, including direct connect, push-to-talk, and digital dispatch numbers, to record the date and time of such transmissions, and to record the length of time the telephone receiver in question is off the hook for incoming or outgoing calls, for a period of 60 days.[1]

---

[1] This includes "post-cut-through digits," which are any digits that are dialed from **Subject Phone 1** after the initial call setup is completed. For example, "[s]ome post-cut-through dialed digits are telephone numbers, such as when a subject places a calling card, credit card, or collect call by first dialing a long-distance carrier access number and then, after the initial call is 'cut through,' dialing the telephone number of the destination party." *United States Telecom Association v. FCC*, 227 F.3d 450, 462 (D.C. Cir. 2000). That final number sequence is necessary to route the call to the intended party and, therefore, identifies the place or party to which the call is being made. Under these circumstances, the "post-cut-through" digits are the type of information (that is, "dialing, routing, addressing, or signaling" information) specifically authorized by the statute for capture.

Title 18, United States Code, Section 3121(c), as amended in 2001, affirmed the requirement to "use technology reasonably available" that restricts the collection of information "so as not to include the contents of any wire or electronic communications." This provision implicitly recognizes that the incidental collection of some content may occur despite the use of reasonably available technology to avoid such capture. With regard to the requirement of Section 3121(c) to use technology reasonably available so as not to include the contents of any wire or electronic communications, the government is not aware of any current technological means of separating out post-cut-through dialed digits that constitute call processing and transmission information from those that might constitute call content without losing dialing, routing, addressing, and signaling information that identifies the destination of communications from the subject telephone. If despite the use of reasonably available technology, "post-cut-through" digits are captured that constitute the contents of a communication, the government will make no affirmative investigative use of such information absent appropriate authority.

5

11. Applicant further requests that this Court issue an order authorizing the installation and use of a trap and trace device including the feature known as "Caller ID Deluxe" to capture the incoming electronic or other impulses, including the originating telephone in call forwarding, terminating at **Subject Phone 1**, which identify the originating number, or other dialing, routing, addressing, and signaling information reasonably likely to identify the source of a wire or electronic communication, and the date, time and duration of such incoming impulses, for a period of 60 days, and that the trap and trace device be without geographic limits.

12. Applicant further requests that the order direct the government to use technology reasonably available to it that restricts the recording or decoding of electronic or other impulses to the dialing, routing, addressing, and signaling information utilized in the processing and transmitting of wire or electronic communications so as not to include the contents of any wire or electronic communications.

13. Applicant further requests that the order direct the service provider(s), namely AT&T, to forthwith furnish the information, facilities, and technical assistance necessary to accomplish unobtrusively the installation and use of the pen register and trap and trace devices, including Caller ID Deluxe, with a minimum of interference with the services accorded to the party with respect to whom the installation and use is to take place, and that reasonable compensation is to be paid by the government for

reasonable expenses incurred in providing such information, facilities, and assistance pursuant to Title 18, United States Code, Section 3124(c).

**Sealing of this Application and this Court's Orders and Related Relief**

14. Applicant further requests that this Court issue an Order directing any service provider, and their representatives, agents, and employees, not to disclose in any manner, directly or indirectly, by any action or inaction, to the listed subscriber for **Subject Phone 1**, the subscribers of the incoming calls to or the outgoing calls from **Subject Phone 1**, or to any person, the existence of this Court's orders, in full or redacted form, or of this investigation unless ordered by this Court.

15. Applicant further requests that this Court order that its Orders and this Application be sealed until further notice of this Court, except that copies of the Orders, in full or redacted form, may be served on law enforcement officers assisting in the investigation and any service provider, their representatives, agents, and employees, as necessary to effectuate this Court's Orders.

16. Finally, Applicant requests that AT&T and any other service provider of wire or electronic communication service, as defined in Section 2510(15) of Title 18, United States Code, shall be compensated by the government at the prevailing rate for the provision of all information, facilities, and technical assistance necessary to execute this Court's order.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed on: August 17, 2021.

*Sean Franzblau*
SEAN FRANZBLAU
Assistant U.S. Attorney
219 South Dearborn St., Rm. 500
Chicago, Illinois 60604